UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENEEN E., | |
| Plaintiff, | Case No. C20-5992-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her subjective allegations, assessing the medical opinions, discounting the lay evidence, and assessing her residual functional capacity ("RFC"). (Dkt. # 22 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1965, has a GED and two years of college education, and has worked as a school bus driver and clam digger. AR at 214. Plaintiff was last gainfully employed in May 2014. *Id.* at 213.

ORDER - 1

In January 2015, Plaintiff applied for benefits, alleging disability as of April 1, 2014. AR at 183-84. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 114-20, 122-28, 130-31. After the ALJ conducted a hearing in February 2017 (*id*. at 38-71), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 22-32.

The Appeals Council denied Plaintiff's request for review (AR at 1-8), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 868-84. The ALJ held hearings in January and May 2020 (*id*. at 807-30), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 780-800.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity between her alleged onset date and her date last insured ("DLI") of March 31, 2019.

Step two: Through the DLI, Plaintiff had the following severe impairments: obesity, diabetes, degenerative disc disease, mild hip tendinosis, chondromalacia of the left knee, asthma, premature ventricular contractions, depression, anxiety, and post-traumatic stress disorder.

Step three: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

RFC: Through the DLI, Plaintiff could perform light work with additional limitations: she could lift/carry up to 10 pounds frequently and 20 pounds occasionally. She could sit for six hours and stand/walk for six hours, in an eight-hour workday. She could occasionally reach overhead bilaterally. She could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She could not work around hazards, such as unprotected heights, operate heavy machinery, or operate a motor vehicle. She could not have concentrated exposure to airborne irritants, such as dust, fumes, and gases. She needed to avoid concentrated exposure to machinery causing vibrations. The claimant could perform simple, routine, and repetitive tasks with simple, work-related decisions. She could have superficial contact with co-workers: she could pass co-workers in hallways, but could not have direct

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

contact or perform tasks requiring coordinated efforts with co-workers. She could have superficial contact with the public, such as passing in a hallway. She needed to use a cane when ambulating, effectively having the use of only one upper extremity while walking.

Step four: Through the DLI, Plaintiff could not perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the DLI, Plaintiff was not disabled through the DLI.

AR at 780-800.

Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

ORDER - 3

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Allegations**

The ALJ summarized Plaintiff's allegations and the medical record, and explained that he discounted Plaintiff's allegations because: (1) her allegations were inconsistent with the objective medical evidence, (2) Plaintiff's symptoms improved with treatment, (3) Plaintiff failed to follow treatment recommendations, (4) Plaintiff's treatment history was conservative and sporadic, (5) Plaintiff's complaints were situational rather than impairment-related, and (6) Plaintiff made inconsistent statements regarding her symptoms. AR at 788-96. In the Ninth Circuit, an ALJ's reasons to discount a claimant's allegations must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff raises some degree of challenge to a few of the ALJ's reasons (dkt. # 22 at 6-8), first to the ALJ's characterization of the record with regard to Plaintiff's allegation of having a couple of "bad days" per month (AR at 793-94). Plaintiff argues that the record shows that she struggles with mental health problems and contends that she has established disability by a preponderance of the evidence. (Dkt. # 22 at 6.) However, Plaintiff has failed to show error in the ALJ's decision. The ALJ noted that although Plaintiff alleged having good days and bad days, specifically two bad days per month, she was able to attend counseling sessions even when feeling unwell at times and canceled sessions due to a variety of reasons, which may not be attributable to a medically determinable impairment. AR at 794. The ALJ emphasized that although Plaintiff alleged having two bad days per month, this allegation is not corroborated by the objective medical record. *Id*. This is a proper consideration in an ALJ's assessment of a

claimant's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Plaintiff has not pointed to any objective corroboration for her allegation of having two work-preclusive days per month, and thus has not shown that the ALJ erred in relying on that lack of corroboration, among many other reasons to discount Plaintiff's allegations.

Next, Plaintiff argues that the ALJ erred in finding that the longitudinal medical record suggested improvement because the record indicated that although Plaintiff's symptoms improved with medication, she also experienced intolerable side effects. (Dkt. # 22 at 7.) The ALJ pointed to a treatment note where Plaintiff's provider recommended decreasing her use of supplements and focusing on taking minimal prescriptions and making lifestyle modifications to control certain symptoms. *See* AR at 522-23. Although Plaintiff refers to this note as evidence that her prescribed medications were causing side effects (dkt. # 22 at 7), the note does not suggest this. Instead, the note suggests that Plaintiff was taking many supplements in addition to prescribed medications, and her provider believed she should stop taking all of the supplements and make a "significant lifestyle modification[.]" AR at 522.

Furthermore, the ALJ also cited evidence showing that Plaintiff's pain improved with physical therapy. *See* AR at 795 (citing *id*. at 553, 561-63, 572-73, 576, 578-79, 585, 587). Although Plaintiff emphasizes that she continued to experience pain despite physical therapy (dkt. # 22 at 8 (citing AR at 547, 551, 556, 559, 595)), the notes that she cites mention improvement with physical therapy, and one of the notes she cites (AR at 516) does not reference physical therapy at all. Plaintiff has not shown that the ALJ inaccurately characterized

the record as showing improvement with physical therapy, or that the ALJ ignored evidence showing that physical therapy was ineffective.

Lastly, Plaintiff argues that the ALJ erred in relying on her activities as a reason to discount her allegations because her activities do not show that she can work full-time. (Dkt. # 22 at 8.) But the ALJ did not cite Plaintiff's activities evidence that she could work full-time; instead, the ALJ referenced certain activities in rating Plaintiff's limitations in the "paragraph B" criteria at step two. *See* AR at 785-87. The ALJ did not point to specific inconsistencies between Plaintiff's activities and her allegations, and therefore, does not appear to have relied on Plaintiff's activities as a basis for discounting her allegations. Thus, Plaintiff's argument in this regard does not show error in the ALJ's assessment of her allegations.

As noted by the Commissioner (dkt. # 23 at 6), Plaintiff does not challenge all of the ALJ's reasons to discount her allegations, which undercuts any attempt to show harmful legal error in the ALJ's assessment of her subjective testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Accordingly, the Court affirms this portion of the ALJ's decision.

**B.     The ALJ Did Not Err in Discounting Plaintiff's Husband's Statement**

Plaintiff's husband completed a third-party function report describing Plaintiff's symptoms and limitations. AR at 231-38. The ALJ summarized Plaintiff's husband's statement at length, and contrasted his report with Plaintiff's own reports, finding the discrepancies between their statements to be "particularly striking." *Id*. at 797-98. The ALJ cited the discrepancies between Plaintiff's husband's report and Plaintiff's reports as a reason to give his report "little weight[,]" because "[e]ither he is not familiar with his wife's conditions, symptoms, and limitations, or the claimant's statements in this regard are not accurate." *Id*. at 798. The ALJ

ORDER - 6

also identified internal inconsistencies in Plaintiff's husband's report, contrasting his statement that Plaintiff cannot lift anything or raise her arms, with his indication that Plaintiff has no problem with any self-care activities. *Id*. (referencing *id*. at 232, 236).

Plaintiff contends that the ALJ erred in finding that her husband's report "does not support an RFC any more restricting than the ALJ's decisional RFC." (Dkt. # 22 at 12.) Here, Plaintiff misstates the ALJ's assessment of her husband's report: the ALJ did not find that even if credited, Plaintiff's husband's report would not support any restrictions not already included in the ALJ's RFC assessment. Instead, as described above, the ALJ found that Plaintiff's husband's report was discounted due to inconsistencies between his report and Plaintiff's testimony, as well as internal inconsistencies in his own report. AR at 798. These are germane reasons to discount a lay statement. *See, e.g.*, *Burdon v. Colvin*, 650 F. App'x 535, 537 (9th Cir. May 27, 2016) (affirming an ALJ's discounting of a lay statement that was inconsistent with the claimant's own statements); *Lockwood v. Comm'r of Social Sec. Admin.*, 497 F. App'x 288, 291 (9th Cir. Aug. 16, 2010) (finding no harmful error in the ALJ's failure to discuss a lay statement containing internal inconsistencies).

Because the ALJ provided germane reasons to discount Plaintiff's husband's statement, the Court affirms the ALJ's assessment of that statement.

### C. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of opinions written by State agency consultants Greg Saue, M.D., and Christmas Covell, Ph.D.; treating physical therapist Victoria Vestal, P.T.; and examining psychologist Brett Valette, Ph.D. The Court will address each disputed opinion in turn.

ORDER - 7

   1. *Legal Standards*[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

   2. *Drs. Saue & Covell*

The ALJ credited Dr. Saue's opinion as to Plaintiff's physical capabilities (AR at 91-105), finding it consistent with various treatment notes. *Id*. at 796-97. The ALJ also found Dr. Covell's opinion to be consistent with the medical record and Plaintiff's activities. *Id*. at 796. An ALJ generally may accept any medical opinion and need not even give reasons to do so. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). Plaintiff has not identified any error in the ALJ's crediting the opinions of either Dr. Saue or Dr. Covell.

   3. *Ms. Vestal*

Ms. Vestal indicated that in January 2015, Plaintiff was "unable to walk any length of time, not more than just a few minutes before having to sit down and rest." AR at 550. The ALJ gave "little weight" to Ms. Vestal's description of Plaintiff's limitations, finding it inconsistent with evidence that Plaintiff's functionality improved with pain medication and physical therapy, as well as evidence showing that she had a normal gait and denied radicular symptoms, and her

---

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

self-reported ability to go camping and walk 1/3 mile. *Id*. at 797.

Because Ms. Vestal is an "other" source under the regulations applicable to this case, the ALJ's reasons to discount her opinion must be germane. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from other sources may be expressly disregarded if the ALJ gives germane reasons for doing so). The ALJ found Ms. Vestal's letter to be inconsistent with medical evidence and Plaintiff's activities, which are germane reasons for discounting an "other" source opinion. *See Carmickle*, 533 F.3d at 1164 (activities); *Bayliss*, 427 F.3d at 1218 (medical evidence).

Although Plaintiff argues that the ALJ erred in finding that the medical record was inconsistent with Ms. Vestal's opinion (dkt. # 22 at 10-11), her argument is undercut by the medical evidence cited by the ALJ (AR at 630, 632, 697-98), as well as Plaintiff's own testimony that she could walk 1/3 mile at a time. Plaintiff points to treatment notes documenting difficulties Plaintiff experienced in walking due to cardiac and/or kidney concerns (*id*. at 1337, 1449), but these notes do not corroborate the complaints Ms. Vestal indicated. Plaintiff has failed to show that the ALJ's reasons for discounting Ms. Vestal's opinion were not germane or not supported by substantial evidence, and thus the Court affirms this portion of the ALJ's decision.

    4.  Dr. Valette

Dr. Valette examined Plaintiff in April 2015 and wrote a narrative report describing her psychological symptoms and limitations. AR at 664-67. The ALJ gave great weight to Dr. Valette's opinion as to Plaintiff's cognitive functioning, but discounted his opinion as to Plaintiff's social functioning. *Id*. at 797. The ALJ found that Dr. Valette's opinion that Plaintiff could not interact with co-workers or the public was inconsistent with evidence of Plaintiff's improvement with mental health treatment as well as her ability to perform service at church. *Id*.

ORDER - 9

1  The ALJ noted that the RFC assessment nonetheless "severely restricts" (*id*. at 797) Plaintiff to
2  only superficial interaction with co-workers and the public. *See id*. at 787.

3  Plaintiff argues that the ALJ erred in finding overall improvement in her mental health,
4  because the record shows that her symptoms waxed and waned. (Dkt. # 22 at 11 (citing AR at
5  240, 506, 595, 712, 1040, 1055-57, 1069, 1078, 1255).) Some of the evidence cited by Plaintiff
6  amounts to only her self-report (AR at 240), and some of the other evidence relates to treatment
7  notes for physical conditions referencing mental symptoms outside the context of mental health
8  treatment. *See id*. at 506, 595, 712, 1255. Plaintiff also cites evidence from her mental health
9  intake appointment (*id*. at 1040), which does not undermine the ALJ's finding that Plaintiff's
10 symptoms improved with ongoing treatment. Plaintiff also cites treatment notes describing
11 symptom flares during situational stressors such as divorce/separation or grief, rather than mental
12 health treatment notes documenting a lack of progress or a setback. *See id*. at 1055-57, 1078.
13 Finally, one of the treatment notes cited by Plaintiff explicitly references improvement in
14 Plaintiff's functioning, which does not support Plaintiff's argument. *See id*. at 1069. Plaintiff has
15 not pointed to evidence showing that the ALJ was unreasonable in finding that her mental health
16 improved with counseling and medication, or in discounting Dr. Valette's opinion as to social
17 limitations on this basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not
18 improper to reject an opinion presenting inconsistencies between the opinion and the medical
19 record).

20 Accordingly, the Court finds that Plaintiff has failed to establish error in the ALJ's
21 assessment of Dr. Valette's opinion.

**D.     Plaintiff has Not Shown that the ALJ Erred in Assessing her RFC**

Plaintiff also argues that the ALJ's RFC assessment fails to account for all of the limitations identified in her own testimony (as to her irritable bowel syndrome symptoms, her walking limitations, and her need to miss work two days per month) and the walking and social limitations described in the discounted opinions (dkt. # 22 at 13-15), but this argument fails to allege an independent error. The ALJ explained why he found irritable bowel syndrome to be not medically determinable at step two (AR at 783-84), and Plaintiff failed to assign error to that finding. The ALJ also explained why he discounted Plaintiff's testimony and certain medical opinions, and for the reasons explained herein, Plaintiff has not shown harmful error in those findings. Accordingly, Plaintiff has not shown that the ALJ erred in failing to account for those rejected limitations in the RFC assessment. *See, e.g.*, *Bayliss*, 427 F.3d at 1217-18 (holding that an RFC assessment (or vocational expert hypothetical) need not account for limitations or impairments that the ALJ properly rejected).

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 28th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11